IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                          CHAPTER 13 NO.:

JOHNNIE S. SANFORD and
SHIRE A. SANFORD                                           13-12628-JDW

TRUSTEE'S OBJECTION TO CONFIRMATION

COMES NOW Trustee, Locke D. Barkley, by and through counsel, and files this *Trustee's Objection to Confirmation*, and in support thereof states as follows:

1. Debtor[1] commenced this proceeding with the filing of a chapter 13 bankruptcy petition on June 27, 2013. Debtor filed a proposed amended plan (Dkt. #22) on August 7, 2013 (the "plan").

2. Debtor's plan fails to comply with 11 U.S.C. § 1325(a)(1). Debtor's proposed plan and the *Objection to Secured Claim of Batesville Finanical Services* (Dkt. #26) filed herein propose conflicting treatment for the claim of Batesville Financial Services.

3. The provisions in Debtor's plan for the property taxes due to the Panola County Tax Collector do not contain a provision to pay the claim prior to maturation.

4. Debtor's plan fails to comply with 11 U.S.C. § 1325(a)(5). Debtor's plan fails to provide that the priority claim of the Internal Revenue Service be paid in full.

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise.

5. Debtor's plan fails to comply with 11 U.S.C. § 1325(a)(3). It has not been proposed in good faith as it proposes to five (5) vehicles for two (2) drivers, three (3) of which are not necessary for an effective reorganization.

6. Debtor's plan fails to comply with 11 U.S.C. § 1325(a)(5). Debtor's plan fails to provide for treatment of the student loan claims. Debtor's plan should be amended to treat the student loan debts as all other general unsecured debts, with the exception that such debts are non-dischargeable.

7. Debtor's plan should not be confirmed absent the proposal that all of Debtor's disposable income be paid to general unsecured creditors.

8. Confirmation of Debtor's plan should be denied and the case dismissed.

9. Trustee objects to any amended plan filed hereinafter.

WHEREFORE, PREMISES CONSIDERED, Trustee, Locke D. Barkley, requests that upon notice and hearing that this Court enter its order sustaining Trustee's objection and for such other relief to which Trustee and this bankruptcy estate may be entitled.

Dated: August 28, 2013

> Respectfully submitted,
> LOCKE D. BARKLEY, TRUSTEE
>
> /s/ G. Adam Sanford
> ATTORNEYS FOR TRUSTEE
> W. Jeffrey Collier (MSB 10645)
> G. Adam Sanford (MSB 103482)
> 6360 I-55 North, Suite 140
> Post Office Box 55829
> Jackson, Miss.  39296
> (601) 355-6661
> ssmith@barkley13.com

# C E R T I F I C A T E

I, the undersigned Attorney for Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the following attorneys of record and/or parties of interest:

Office of the U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

Robert Gambrell, Esq.
rg@ms-bankruptcy.com
la@ms-bankruptcy.com
rgecfile@gmail.com
ecf@ms-bankruptcy.com

Johnnie S. Sanford
Shire A. Sanford
2060 Shiloh Road
Courtland, MS  38620

Batesville Financial Services, Inc.
159 Highway 6 West
Batesville, MS  38606

Sallie Mae Servicing Center
Bankruptcy Litigation United E3149
Post Office Box 9430
Wilkes-Barre, PA  18773-9430

Dated: August 28, 2013

/s/ G. Adam Sanford
G. ADAM SANFORD